# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALFONZO TAYLOR,

    Petitioner,

    v.                                             Case No. 06-C-0477

CATHY JESS,

    Respondent.

## DECISION AND ORDER

On March 29, 2006, petitioner Alfonzo Taylor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his judgment of conviction for one count of first degree reckless homicide, party to a crime, and two counts of first degree reckless endangering safety, party to a crime, under Wis. Stats. §§ 940.02(1) and 940.30(1) respectively.

The petitioner challenges his judgment of conviction on the following grounds: (1) violation of his Sixth and Fourteenth Amendment rights when the jury saw him in handcuffs in the company of deputies; (2) violation of his Fifth Amendment rights because his statement was not voluntarily made; (3) insufficient evidence; (4) ineffective assistance of trial counsel with regard to the denial of a prompt probable cause determination; (5) ineffective assistance of trial counsel based upon counsel's failure to object to prosecutorial misconduct; (6) ineffective assistance of trial counsel based on counsel's failure to object to hearsay; (7) ineffective assistance of trial counsel based on counsel's failure to object to the destruction of evidence by the Milwaukee Police Department; (8) ineffective assistance of trial

counsel based on his failure to call the defendant's co-defendants apparently as witnesses; (9) ineffective assistance of trial counsel based on counsel's failure to retrieve known exculpatory evidence being held by the prosecution; and (10) ineffective assistance of appellate counsel for failing to assert ineffective assistance of trial counsel claims.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Proceedings for the United States District Courts. By order filed May 5, 2006, this court determined that the case should proceed and ordered the respondent to answer the petition for a writ of habeas corpus. On May 15, 2006, the respondent filed a motion to dismiss the petition as untimely (Docket #6), and a motion to stay the time to file an answer pending disposition of her motion to dismiss. (Docket #8). On May 21, 2006, the court granted the respondent's motion to stay the time to file an answer pending disposition of the respondent's motion to dismiss. The motion to dismiss is fully briefed and will be addressed herein.

In this case, the respondent asserts that the petitioner's petition was filed outside the one-year statute of limitations for habeas corpus petitions. Specifically, the respondent asserts that the petitioner's filing of his Wis. Stat. § 974.06 motion did not toll the one year statute of limitations because it was filed after the one-year period had expired. The

respondent contends that the petitioner's statute of limitations began to run "on the date on which the judgment became final" under 28 U.S.C. § 2244(d)(1)(A).

In opposing the respondent's motion, the petitioner asserts that the one-year statute of limitations should be calculated under 28 U.S.C. § 2244(d)(1)(B). He maintains that the prison library's failure to make Milwaukee County Circuit Court's local rules available to him constituted an impediment under 28 U.S.C. § 2244(d)(1)(B), and, therefore, the statute of limitations on his habeas petition did not begin to run until the impediment was removed on October 20, 2004. Thus, he contends that the deadline for filing his habeas petition was October 20, 2005. Alternatively, the petitioner contends that he is eligible for equitable tolling because he pursued his habeas petition with diligence and the state's failure to provide him with complete legal materials was an extraordinary circumstance outside his control that prevented timely filing.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) gives state prisoners one year from the final disposition of their cases to file for habeas corpus relief, 28 U.S.C. § 2244(d); see Jones v. Bertrand, 171 F.3d 499, 500 (7th Cir. 1999), unless special circumstances exist. Specifically 28 U.S.C. § 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; . . . [1]

---

[1] Only 28 U.S.C. § 2244(d)(1)(A)-(B) apply in this case. The petitioner has not asserted that the one-year time limitation is governed by any of the events listed in 28 U.S.C. § 2241(d)(1)(C)-(D).

- 3 -

AEDPA also provides for the tolling of the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Only properly filed post-conviction motions toll AEDPA's statute of limitations. § 2244(d)(2). "An application is 'properly filed' when 'its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Johnson v. McCaughtry, 265 F.3d 559, 564 (7th Cir. 2001) (quoting Artuz v. Bennett, 531 U.S. 4, 8 [2000]). "If a state court accepts and entertains the petition on its merits, it has been 'properly filed,' but if the state court rejects it as procedurally irregular, it has not been 'properly filed.'" Johnson, 265 F.3d at 564 (citing Freeman v. Page, 208 F.3d 572, 576 [7th Cir. 2000]).

In Anderson v. Litscher, 281 F. 3d 672, 674-75 (7th Cir. 2002), the court addressed when the one year statute of limitations under § 2244(d)(1)(A) begins to run. The court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the ninety-day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of § 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run. Id. at 674-675.

In this case, the Wisconsin Supreme Court denied the petitioner's request for review on August 13, 2003. Ninety days from that date was November 11, 2003, during which time the petitioner could have sought certiorari review by the United States Supreme Court. He

- 4 -

did not do so. Consequently, according to 28 U.S.C. § 2244(d)(1)(A), the petitioner's conviction "became final by the conclusion of direct review or the expiration of time for seeking such review" on November 11, 2003. Thus, under § 2244(d)(1)(A), the petitioner had one year from this time, i.e. until November 11, 2004, to file his federal habeas corpus petition. See Anderson, 281 F.3d at 674-75.

However, the petitioner asserts that § 2244(d)(1)(B) is applicable to his petition because a state-imposed impediment – the failure to provide the Local Rules of Wisconsin Counties regarding the filing of post-conviction motions – led to the untimely filing of his habeas petition on March 29, 2006. Section 2244(d)(1)(B) is an exception to the general statute of limitations of § 2244(d)(1)(A).

On October 20, 2004, the petitioner submitted a motion seeking post-conviction relief under Wis. Stat. § 974.06 in Milwaukee County Circuit Court. The petitioner's motion was not accepted for filing pursuant to Milwaukee County Circuit Court Local Rule 427, which limits all post-conviction motions to twenty pages in length. On November 5, 2003, the petitioner received a letter dated October 20, 2003, stating that his motion had been rejected for failure to comply with the local court rule. On November 7, 2004, the petitioner requested a copy of Local Rule 427 because the prison library did not have a copy of the local rules. He also inquired whether the time was tolled for purposes of filing his federal habeas petition even though his motion was rejected. On November 8, 2004, the petitioner sent another letter to the Milwaukee County Clerk of Court's Office, stating that he had received the November 5, 2003, letter rejecting his motion.

On November 24, 2004, the petitioner filed his § 974.06 motion in Milwaukee County Circuit Court. On March 15, 2006, the Wisconsin Supreme Court denied the petitioner's

petition for review. On March 29, 2006, the petitioner delivered his petition for a writ of habeas corpus to prison authorities.

The petitioner asserts that he was unable to file his post-conviction motion so as to toll the limitations period pursuant to § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" towards the statute of limitations. Thus, the petitioner contends that his statute of limitations began to run on October 20, 2004, when the Milwaukee County Clerk's Office wrote to the petitioner, informing him of the page limitation on post-conviction motions, thereby removing the impediment to filing his habeas petition.

Section 2244(d)(1)(B) expressly pertains only to state-imposed impediments that prevent prisoners from filing a *federal* petition for a writ of habeas corpus. For a state action to be an impediment under § 2244(d)(1)(B) it must "prevent" the petitioner from filing his federal habeas petition. See Lloyd v. VanNatta, 296 F.3d 630, 632 (7th Cir. 2002). In VanNatta, a habeas petitioner argued that his habeas statute of limitations should be tolled under § 2244(d)(1)(B) because the state failed to provide him with a complete transcript of his trial. The court disagreed, stating that "[b]ecause Mr. Lloyd was able to file his petition without a complete copy of his trial transcript, the state's failure to provide a complete transcript did not prevent Mr. Lloyd from pursuing any of his claims." Id. at 633. Thus, the court held that § 2244(d)(1)(B) was not applicable to the case.

Similarly, in the instant case, the fact that the petitioner did not know the page limit for filing a post-conviction motion did not prevent him from filing his federal habeas petition. On November 5, 2004, the petitioner received notice that his § 974.06 motion had been rejected.

The one-year limitations period for filing a habeas petition did not run until November 11, 2004. Thus, the petitioner had an opportunity to timely file his petition. As the court explained in Powell v. Davis, 415 F.3d 722, 728 (7th Cir. 2005), the petitioner in that case could have filed a "protective" petition in federal court and asked the court "to stay and abey the federal habeas proceedings until state remedies are exhausted." (citation omitted).

Moreover, the petitioner asserts that the state-imposed impediment prevented him from filing his state post-conviction motion so as to toll the one year statute of limitations, not his federal habeas petition. (Response to Respondent's Motion to Dismiss at 5); see 28 U.S.C. § 2244(d)(2).[2] As a result, he asserts that a delay occurred which led to the untimely filing of his federal habeas petition. The petitioner has not established that the alleged impediment prevented him from filing his federal petition.

In addition, the petitioner provides no explanation as to why he waited until October 20, 2004, to file his state post-conviction motion. Had he filed the motion earlier, he would have had more time to correct any errors in his filing of the motion. Not having access to the local court rules did not *prevent* the petitioner from filing his habeas petition.

Here, the petitioner's Wis. Stat. § 974.06 motion failed to comply with the applicable rule governing the filing of post-conviction motions in state court. Since it was not a properly filed application for post-conviction relief under AEDPA, it did not toll the statute of limitations. See 28 U.S.C. § 2244(d)(2).

---

[2] Section 2244(d)(2) provides: The time during which a properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

- 7 -

The petitioner also contends that if § 2244(d)(1)(B) is applicable to this case, then his statute of limitations should be equitably tolled. He contends that he is eligible for equitable tolling because if the circuit court accepted his original post-conviction motion, then his federal habeas petition would have been timely.

Equitable tolling "excuses a timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." Taliani v. Chrans, 189 F.3d 597, 597 (7th Cir. 1999). Neither the United States Supreme Court nor the court of appeals for this circuit has decided whether, or to what extent, the doctrine of equitable tolling of the one-year deadline in § 2244(d)(1) is available under AEDPA. See Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005); Williams v. Sims, 390 F.3d 958, 962 (7th Cir. 2004); Johnson v. McCaughtry, 265 F.3d at 566; Taliani, 189 F.3d at 598.

Even if equitable tolling applies, the petitioner would have to establish: "(1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. (citation omitted). Thus, equitable tolling is appropriate "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." Gilden v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004). Equitable tolling, however, is "rarely granted." Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006).

In this case, contrary to the petitioner's contentions, circumstances beyond his control did not prevent him from filing his petition for a writ of habeas corpus. When he received notice on November 5, 2004, that his state post-conviction motion was being returned for exceeding the 20-page limit set forth in the local circuit court rule, six days remained in the

- 8 -

one-year period for filing his petition pursuant to § 2244(d)(1)(A). He could have filed a protective habeas corpus petition after his state motion was returned to him. See Powell v. Davis, 415 F.3d at 728. The petitioner has not established that the prison's failure to have a copy of the local court rules available is an "extraordinary circumstance" that prevented him from filing a timely petition. See Pace, 544 U.S. at 418.

Moreover, the petitioner did not attempt to file his post-conviction motion until less than a month before the one-year limitations period set forth in § 2244(d)(1). Even if equitable tolling is available, it is only available when the prisoner can show that he has been diligently pursuing his rights. Pace, 544 U.S. at 418. Here, the petitioner waiting over eleven months before filing his post-conviction motion. When it was returned to him for failure to comply with the local court page limitation rule, the petitioner still had six days to file his habeas petition. He has provided no explanation for his delayed filing of his § 974.06 motion or for his failure to file at least a protective habeas petition under Powell. Accordingly, even if the court were to conclude that equitable tolling could apply, the petitioner has failed to show that he was diligently pursuing his rights. Pace, 544 U.S. at 418.

In sum, the petitioner's petition for a writ of habeas corpus is untimely. Moreover, the petitioner has not established that a state-imposed impediment in violation of the Constitution or laws of the United States prevented his filing of his habeas petition. He also has not established a basis for equitable tolling of the limitations period. Accordingly, for the reasons stated herein, the respondent's motion to dismiss the petitioner's petition for a writ of habeas corpus will be granted.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for a writ of habeas corpus as untimely be and hereby is **granted**. (Docket #6).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of January, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge